UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| FLEET C. HAMBY, | | No. 14-5759 BHS/KLS |
| | Plaintiff, | |
| v. | | **ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND QUASHING THE DEPOSITION OF DEFENDANT WARNER** |
| G. STEVEN HAMMOND, BERNARD WARNER, | | |
| | Defendants. | |

Before the Court is Defendant's Motion for Protective Order. Dkt. 15. Defendant asks the undersigned to preclude Plaintiff from deposing Department of Corrections Secretary Warner, who is a cabinet level member of the governor's staff. Dkt. 15 p. 3. Defendant's motion is based upon Defendant Warner's position as a high level government official and on an argument that the deposition is unduly burdensome compared to any information that could be obtained. Dkt 15, pp. 4-5.

Plaintiff argues that Mr. Warner is the only person who can answer questions "about the scope of his knowledge and the reasons for his actions or inactions." Dkt. 16, p.1.

ORDER - 1

FACTUAL BACKGROUND

This lawsuit involves claims against the Department of Corrections Secretary, Bernard Warner, and Chief Medical Officer, Steven Hammond, M.D., for allegedly violating Plaintiff's Eighth Amendment rights by acting with deliberate indifference to an orthopedic condition involving Mr. Hammond's right knee. Dkt. 16, p. 2. Plaintiff contends that the Care Review Committee (CRC) process used to make medical referrals is problematic and states that he seeks to explore Mr. Warner's knowledge about the process. *Id*.

The process for referrals involves a Care Review Committee making a decision as to whether a requested procedure or medical treatment is necessary. Plaintiff does not allege that Mr. Warner is a member of that committee and acknowledges that the head of the committee is Defendant Hammond. Dkt. 16, p. 2. Plaintiff's counsel sent Mr. Warner a number of letters concerning inmates who had been denied treatment by CRC decisions (Dkt. 17, pp. 17-25) and Plaintiff seeks to explore Defendant Warner's knowledge of alleged problems with the CRC process. Dkt. 16, p. 2.

Plaintiff propounded interrogatories to Mr. Warner but states that "interrogatories are not an effective tool to elicit details or to explore the scope of a party's knowledge or his subjective reasons for taking various actions (or not taking them)." Dkt. 16, p. 1. Despite the argument that interrogatories are not an effective tool, Plaintiff has served at least two sets of interrogatories on Mr. Warner along with requests for admissions and requests for production. Dkt. 15-1, pp. 3-4.

DISCUSSION

A court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, a court may deny or limit discovery. Fed. R. Civ. P. 26(c). High ranking government officials are not normally subject to

ORDER - 2

depositions.  *See, Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 232 (9th Cir. 1979); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *In re United States*, 197 F.3d 310, 313-14 (8th Cir. 1999); *In re United States*, 985 F.2d 510, (11th Cir. 1993); *Green v. Baca,* 226 F.R.D. 624, 648 (C.D. Cal. 2005).  A party seeking to depose a high ranking official must show that the evidence they seek to obtain is unavailable from other sources.  *Green*, 226 F.R.D. at 648-49.  The discussion in *Green* is informative:

> The need to limit the use of subpoenas served on high government officials was recognized by the Supreme Court in *United States v. Morgan*, 313 U.S. 409, 421–22, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). There, the district court allowed plaintiffs to take the deposition of the Secretary of Agriculture regarding decisions made in his official capacity, and subsequently to call him to testify at trial. The Court stated that this type of examination of a high government official threatened to undermine the "integrity of the administrative process." *Id* at 422, 61 S.Ct. 999. **Other courts have recognized that high public officials "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions**.' " *In re United States*, 985 F.2d 510, 512 (11th Cir.1993)(*quoting Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C.Cir.1985)); *see Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231–32 (9th Cir.1979) ("Heads of government agencies are not normally subject to deposition and the district court's order directing [the Administrator of the Small Business Administration] to answer interrogations in lieu of a deposition does not appear unreasonable" (internal citation omitted)); *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D.Wis.1994)("In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge. The immunity is warranted because such officials must be allowed the freedom to perform their tasks without the constant interference of the discovery process"). "An exception to this general rule exists concerning top officials who have direct personal factual information pertaining to material issues in an action ... [and] where the information to be gained .. is not available through any other source." *Church of Scientology of Boston v. I.R.S.*, 138 F.R.D. 9, 12 (D.Mass.1990); *see also Nagle v. Superior Court*, 28 Cal.App.4th 1465, 34 Cal.Rptr.2d 281 (1994)(holding that the directors of the California Employment Development Department and the California Department of Health Services were not subject to deposition where plaintiff made no showing that either director had personal knowledge of matter at issue or that information could not be obtained through less burdensome means).

*Green*, 226 F.R.D. at 648-49 (emphasis added).  While Plaintiff states that he seeks information about Defendant's knowledge and subjective reasoning, Plaintiff fails to show that this

ORDER - 3

information is not available through the use of other, less burdensome, discovery tools. It is undisputed that Secretary Warner is not on the Care Review Committee and he states that he did not know about Plaintiff's knee condition until after this action was filed. Dkt. 15-1, p. 15.

Plaintiff fails to show extraordinary circumstances that overcome the normal rule precluding deposing high ranking officials. Plaintiff argues that facts indicate that Defendant Warner is aware of "significant problems with his agency's process for authorizing or denying certain types of medical care, including referrals to outside specialists. But despite this knowledge, he has failed to take steps to address the problems." Dkt. 16, pp. 2. Plaintiff argues that Defendant Warner is aware of these facts because of letters counsel sent to him. Dkt. 16, pp. 3-5. Obviously, information that Plaintiff's counsel sent to Defendant Warner is available from other sources, including the letters themselves. Further, Plaintiff fails to show that the head of the Care Review Committee would not have the same information as Defendant Warner regarding alleged problems with the care review process. In addition, Plaintiff has available to him less burdensome discovery tools such as interrogatories. The undersigned finds that Plaintiff has failed to show extraordinary circumstances that would warrant requiring a high ranking government official to submit to a deposition.

Further, it appears that Plaintiff is seeking information that is available through the use of other discovery tools or sources. The undersigned agrees with other courts that have concluded that answering interrogatories in lieu of depositions is reasonable for high level government officials. *Kyle Eng. Co. v. Kleppe*, 600 F.2d 226, 231–32 (9th Cir.1979).

Defendant asks for attorneys fees for bringing this motion. Fed. R. Civ. P. 37(a)(5)(A) states:

(5) Payment of Expenses; Protective Orders.

ORDER - 4

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

The parties conferred and were unable to reach agreement. While it is clear that Defendant Warner is a high ranking government official, the Plaintiff's purpose for taking Defendant Warner's deposition is, ordinarily, an appropriate means of trial preparation. In addition, the Court assumes that the information being sought by the Plaintiff is available through other means. That may or may not prove to be the case. Although the Court has authorized a protective order preventing the deposition from occurring, that does not necessarily lead to the conclusion, in this instance, that the request was not substantially justified. The Defendant's request for attorneys fees us therefore DENIED.

Accordingly, it is **ORDERED:**

1. The motion to quash the deposition of Defendant Warner is GRANTED.

**DATED** this 2nd day of February, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5