UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLEET C. HAMBY,<br><br>               Plaintiff,<br><br>   v.<br><br>G. STEVEN HAMMOND, BERNARD WARNER,<br><br>              Defendants. | CASE NO. C14-5759 BHS-KLS<br><br>ORDER |

This matter has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the undersigned on Plaintiff's motion to compel Defendant, Dr. G. Steven Hammond, to disclose information regarding personal assets and net worth. *Id*. The undersigned denies Plaintiff's motion without prejudice. Plaintiff may renew the motion if the issue of punitive damages survives dispositive motions.

FACTS

Mr. Hamby, a Washington State prisoner, alleges that his Eighth Amendment rights have been violated by denial of "access to an orthopedist for evaluation and treatment of a

ORDER- 1

1 longstanding, painful knee condition." Dkt. 19. Plaintiff seeks information regarding Dr.
2 Hammond's income and net worth in support a claim for punitive damages. *Id*. Dr. Hammond
3 is the Chief Medical Officer of the Washington State Department of Corrections. The parties
4 have met and conferred regarding this discovery request and are unable to resolve the issue. *Id*.
5 at p. 3.

## DISCUSSION

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and encompasses any matter that could reasonably lead to admissible evidence. *See generally*, *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal 1995). However, the Court still has great discretion in limiting discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *United States v. Colombia Broadcasting Systems Inc.*, 666 F2d. 364, 368-369 (9th Cir. 1982).

While the parties present various arguments in support of their respective positions, the Court notes that dispositive motions are required to be filed on or before February 27, 2015. In light of the fact that this is a civil rights claim presented by a prisoner, there are additional considerations before the Court as it pertains to this motion to compel. If the defendants are successful with regard to the motion, which they say will be timely filed, then disclosure of Dr. Hammond's personal financial information may no longer be an issue. The Court is, therefore, exercising its discretion and is denying the Plaintiff's Motion to Compel pending resolution of the Defendants' dispositive motion. This denial is without prejudice and the motion may be renewed if appropriate.

//

//

//

## CONCLUSION

The Plaintiff's Motion to Compel Discovery (Dkt. 19) is DENIED for the reasons set forth above.

DATED this 25th day of February, 2015.

*[signature]*

Karen L. Strombom
United States Magistrate Judge