1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7
FLEET C. HAMBY,

8
                              Plaintiff,

9
         v.

10
G. STEVEN HAMMOND, BERNARD
WARNER,

11
                              Defendants.

12

CASE NO. C14-5759 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13        This matter comes before the Court on the Report and Recommendation ("R&R")

14   of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 40), and

15   Plaintiff Fleet Hamby's ("Hamby") objections to the R&R (Dkt. 41).

16                          **I. PROCEDURAL HISTORY**

17        On September 23, 2014, Hamby filed a 42 U.S.C. § 1983 complaint against

18   Defendants G. Steven Hammond ("Dr. Hammond") and Bernard Warner ("Warner")

19   (collectively "Defendants").  Dkt. 1 ("Comp.").  Hamby alleges that Defendants were

20   deliberately indifferent to the arthritis in his knee and therefore violated his Eighth

21   Amendment rights.  *Id.*

22

On June 18, 2015, Defendants moved for summary judgment.  Dkt. 31.  On July 21, 2015, Judge Strombom issued the R&R recommending that the Court grant Defendants' motion and dismiss Hamby's suit.  Dkt. 40.  Judge Strombom determined that Hamby failed to demonstrate that his medical treatment was medically unacceptable under the circumstances.  *Id.* at 18–19.  Judge Strombom also found that Hamby failed to show that Defendants actually knew of Hamby's medical needs and were deliberately indifferent to such needs.  *Id.* at 20–21.  Finally, Judge Strombom recommended striking Hamby's expert declaration because Hamby failed to disclose the expert.  *Id.* at 2–4.

On August 4, 2015, Hamby filed objections.  Dkt. 41.  On August 14, 2015, Defendants responded.  Dkt. 43.

## II. DISCUSSION

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition.  Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Hamby objects to Judge Strombom's recommendation that the Court strike the declaration of Hamby's medical expert, Dr. Falicov.  Dkt. 41 at 2.  In this case, the Court's scheduling order directed the parties to complete all discovery by January 30, 2015.  Dkt. 14.  Hamby did not identify Dr. Falicov as an expert witness in his initial disclosures or in his response to Defendants' discovery requests, which Hamby

1    supplemented three times.  Dkt. 38-1, Declaration of Timothy Feulner ("Feulner Dec.")

2    ¶ 9.  Hamby also never provided Defendants with an expert report for Dr. Falicov,

3    although Defendants' counsel specifically discussed deposing any testifying expert

4    retained by Hamby.  *Id.* ¶¶ 3, 9; *see also* Fed. R. Civ. P. 26(b)(4)(A) (expert cannot be

5    deposed until expert report has been provided).  The first time Defendants' counsel

6    learned that Hamby was relying on Dr. Falicov as a testifying expert was on July 7, 2015,

7    when he reviewed Hamby's response to Defendants' summary judgment motion.  Feulner

8    Dec. ¶ 9.  Hamby has not offered any justification for his failure to disclose Dr. Falicov's

9    testimony.  *See, e.g.*, Dkt. 41.  Because Hamby failed to properly disclose his expert

10   report, Judge Strombom correctly determined that the report should be stricken.  *See* Fed.

11   R. Civ. P. 37(c).

12          With regard to the merits of his § 1983 claim, Hamby objects to Judge

13   Strombom's conclusion that Hamby failed to establish Defendants violated his Eighth

14   Amendment rights.  Dkt. 41 at 5–11.  Upon review of the record, the Court agrees with

15   Judge Strombom's conclusion.  Even if there was sufficient evidence to establish a

16   constitutional violation regarding the treatment of his knee, Hamby has failed to show

17   that Defendants knew of and were deliberately indifferent to his medical needs.  It is

18   undisputed that neither Dr. Hammond nor Warner was personally involved in Hamby's

19   medical treatment.[1]  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability

20   under section 1983 arises only upon a showing of personal participation by the

21   

22          [1] None of Hamby's treatment providers are named as parties to this suit.  *See* Comp.

ORDER - 3

1  defendant.").  Although Hamby argues that Dr. Hammond and Warner are the proper

2  defendants for his claims of injunctive relief, Dkt. 41 at 9–10, Hamby is challenging

3  treatment decisions regarding his medical care that are not related to an administrative

4  policy.  *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) ("[A] plaintiff

5  seeking injunctive relief against the State is not required to allege a named official's

6  personal involvement . . . . Rather, a plaintiff need only *identify the law or policy*

7  *challenged as a constitutional violation* and name the official . . . who can appropriately

8  respond to injunctive relief." (emphasis added) (citations omitted)).  In this case, Hamby

9  was required to show that Defendants personally participated in his treatment, but Hamby

10  did not do so.  Hamby's § 1983 claim therefore fails for lack of personal participation.

## III. ORDER

12      Therefore, the Court having considered the R&R, Hamby's objections, and the

13  remaining record, does hereby find and order as follows:

14      (1)   The R&R is **ADOPTED**;

15      (2)   Defendants' motion for summary judgment (Dkt. 31) is **GRANTED**; and

16      (3)   This action is **DISMISSED**.

17      Dated this 22nd day of September, 2015.

19      _____
        BENJAMIN H. SETTLE
20      United States District Judge